UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY DAVIS,

       Plaintiff,                     CIVIL ACTION NO. 08-12596

       v.                             DISTRICT JUDGE THOMAS L. LUDINGTON

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.

_____/

REPORT AND RECOMMENDATION

    This is an action for judicial review of the defendant's decision denying the plaintiff's application for Social Security disability benefits. The complaint was filed on June 18, 2008. Because the complaint had not been properly served on the defendant as required by law, on August 4, 2008, the court entered a "Notice to Plaintiff," advising the plaintiff how to effectuate proper service and indicating that unless proof of such service was filed within two weeks, dismissal would be recommended for no progress (D/E 3). A second Notice to Plaintiff was entered on October 10, 2008 (D/E 8). The summons expired on or about October 19, 2008.

    The court notes that as of January 13, 2009, two months after the summons expired, new counsel appeared for plaintiff. (D/E #9) However, it appears that the plaintiff still has not properly served the complaint and no good cause is shown for failure to serve within the time

allotted. Accordingly, it is recommended that the complaint be dismissed and the motion to reissue summons(D/E 10) be denied.[1]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 28, 2009

---

[1] If the district judge decides to reissue the summons, the matter should be remanded back to the magistrate judge to monitor service.

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 28, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
