UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRACY DAVIS,

                Plaintiff,                Case No. 08-cv-12596

v                                               Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**ORDER REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tracy Davis believes that his borderline intellectual functioning and depression entitle him to Social Security Disability benefits. After the Administrative Law Judge issued his decision to deny Davis Social Security Benefits, Davis filed a Motion to Remand Pursuant to Sentence Four. ECF No. 33. Defendant Commissioner responded by filing a motion for summary judgment. ECF No. 35. The parties' cross-motions were referred to United States Magistrate Judge Binder, who issued a report recommending that Davis's Motion to Remand be granted and the Commissioner's Motion for Summary Judgment be denied. ECF No. 37. The Commissioner filed timely objections. ECF No. 38.

The Commissioner's objections will be sustained and Judge Binder's conclusion that Davis has a disability under the Social Security Act will be rejected because substantial evidence in the record supports the ALJ's finding of non-disability. Davis's motion for summary judgment will be denied, and the Commissioner of Social Security's motion for summary judgment will be granted.

**I**

Plaintiff Tracy Davis was 37 years old at the time of the most recent administrative hearing. Tr. 314. Davis did not graduate from high school; he left school midway through his senior year. Tr. 315. Davis lives with his father and is capable of completing daily activities such as housekeeping, shopping, doing laundry, and preparing meals. Tr. 35. In the past, Davis had held several factory and farming jobs, but had been let go from each one because "they said I was putting in too many hours a day because I wasn't fast enough to do it." Tr. 315-16. Davis also took odd jobs such as repairing lawnmowers and automobiles. TR. 318, 325.

On June 30, 2003, he filed the instant claim asserting that he became unable to work due to borderline intellectual functioning. Tr. 190. The Commissioner denied Davis's claim at all administrative stages. Tr. 49-55.

Plaintiff appealed the denial by filing suit in this Court on June 16, 2008. The parties subsequently stipulated to a Sentence Six remand to the Commissioner "for further administrative proceedings." ECF No. 21. After remand, an Administrative Law Judge gave further consideration to Davis's maximum physical residual functional capacity. The ALJ conducted a hearing and considered Davis's application for benefits de novo. Tr. 15-25, 122-64.

At the hearing, the ALJ questioned Davis about his education and past work experience. The ALJ then posed a hypothetical to the Vocational Expert:

> And assume this hypothetical person could sit for two hours, sit/stand for six hours; and no other physical limitations but would be limited to very simple, unskilled work activities, meaning one- or two-step work activities, with a moderate degree of limitation in the ability to maintain concentration and pace . . . And this individual would have to work in a very low-stress work environment, meaning non-production, minimal changes in work settings and only occasional work decisions with limited contact with the general public and with co-employees. With those limitations, would that individual be able to do any of the past work?

Tr. 343-44. The Vocational Expert replied that, even after taking into account the fact that such a hypothetical person would need above-average supervision, there are about 1,100 farming jobs available in Michigan and Indiana that the hypothetical person would be able to do. Tr. 344-45. The Vocational Expert also estimated that there would be about 2,500 jobs available with tree companies. Tr. 345. He stated that these jobs would be eliminated, however, if the hypothetical person required the assistance of a job coach or had a "marked" limitation in his ability to maintain pace. *Id.*

The ALJ determined that Davis was not disabled in a decision dated July 28, 2011. Tr. 25. In his decision, the ALJ relied in part on the medical testimony of several doctors, including Dr. Czarnecki and Dr. Rousseau.

Dr. Czarnecki, a state agency consultant, did not examine Davis. Rather, Dr. Czarnecki prepared a Psychiatric Review Technique form in 2003 that concluded the claimant was:

- Mildly impaired in daily living activities;
- Mildly impaired in social functioning;
- Moderately impaired in the ability to concentrate, maintain persistence, and pace;
- Had no episodes of decompensation; and
- Had no evidence of "C" criteria.

Tr. 35. Given these conclusions, Dr. Czarnecki believed that Davis had the mental capability to perform sustained, simple, and unskilled work. *Id*. The ALJ gave Dr. Czarnecki's testimony "great weight" because the "objective and other substantial evidence of record supports this opinion . . . ."*Id*.

The ALJ also gave "great weight" to the testimony of Dr. Rousseau, who examined Davis in 2010. Tr. 35. Dr. Rousseau stated that Davis had a history of alcohol and cannabis dependence and diagnosed him with depressive disorder, not otherwise specified. *Id*. Dr. Rousseau concluded

that Davis was capable of gathering, understanding, and following simple instructions with initial practice, assistance, and support. *Id.*

In addition to the weight given to Dr. Czarnecki's and Dr. Rousseau's opinions, the ALJ concluded that Davis was less than fully credible. The ALJ stated that the allegations regarding Davis's limitations are "significantly inconsistent" with the record. Tr. 35-36. The ALJ concluded that Davis is capable of performing competitive work, and therefore did not have a disability as defined by the Social Security Act.

After the Appeal Council denied review of the ALJ's decision, the instant case was reopened. Tr. 6-7.

## II

Under the Social Security Act (SSA), a claimant is entitled to disability benefits if he can demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. Davis carries the burden of establishing that he meets this criteria. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the

claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

This Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

### III

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

Here, the Commissioner raises two objections. First, the Commissioner disputes Judge Binder's conclusion that the ALJ's hypothetical question was not supported by substantial evidence. Second, the Commissioner argues that even if the ALJ's hypothetical question was not supported by substantial evidence, the appropriate remedy is a remand for further proceedings, not an award of benefits.

**A**

The Commissioner's first objection is narrow: the Commissioner objects to Judge Binder's conclusion that the ALJ's hypothetical was not supported by substantial evidence in the record. Judge Binder concluded that Dr. Rousseau's testimony regarding Davis's limitations should have been afforded greater weight than Dr. Czarnecki's because Dr. Rousseau examined Davis while Dr. Czarnecki did not. Dr. Rousseau's testimony, in addition to Davis's own testimony that he could not perform unskilled work in the past, led Judge Binder to conclude that "substantial evidence supports only a finding of disability" and does not support the ALJ's ultimate finding of non-disability.

In its objection, the Commissioner argues that the testimony of Dr. Rousseau, Davis's examining physician, is not entitled to more weight than the testimony of Dr. Czarnecki, a non-examining physician.

Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (noting that a non-examining source's opinion is given less deference than an examining source's opinion). "But in appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or

examining sources." *Brooks v. Comm'r of Soc. Sec.*, 2013 WL 4007764, at *6 (6th Cir. Aug. 6, 2013).

As an examining physician, Dr. Rousseau's testimony is entitled to greater weight than that of Dr. Czarnecki, who did not examine Davis. Accordingly, the ALJ reasonably gave "great weight" to Dr. Rousseau's findings that claimant is capable of gathering, understanding, and following simple instructions with initial practice, assistance, and support. Tr. 35. Although Dr. Rousseau found that Davis had "marked" difficulty in understanding and carrying out complex instructions and making complex work-related decisions, she believed Davis could complete simple job tasks. Tr. 302.

Despite the ALJ's explicit statement that he gave Dr. Rousseau's testimony great weight, Davis argues that the ALJ improperly gave Dr. Rousseau's testimony less weight than Dr. Czarnecki's. Davis claims that the ALJ's hypothetical posed to the Vocational Expert relied on Dr. Czarnecki's testimony rather than Dr. Rousseau's. Dr. Czarnecki, in contrast to Dr. Rousseau, did not examine Davis and instead completed a Psychiatric Review Technique. Tr. 277-294. The ALJ's hypothetical posed a person who could perform

> very simple, unskilled work activities, meaning one or two-step activities with a moderate degree of limitation in the ability to maintain concentration and pace and . . . would have to work in a very low-stress work environment, meaning non-production, minimal changes in work settings and only occasional work decisions with limited contact with the general public and with co-employees.

Tr. 343-44.

Davis argues that this hypothetical is not an accurate explanation of his medical limitations because it does not include the limitations noted by Dr. Rousseau, who concluded that Davis's "performance on mental status inquiries suggests limited fund of information, attention and concentration problems, concrete thinking skills and impaired judgment." Tr. 301.

- 7 -

Davis argues that by leaving out the limitation described by Dr. Rousseau, the ALJ gave greater weight to Dr. Czarnecki's testimony.

Again, more weight is given to the opinions of examining medical sources than to non-examining medical sources. 20 C.F.R. §§ 404.1527(c)(1). Even so, the Social Security regulations recognize that opinions from non-examining state agency consultants, such as Dr. Czarnecki, may be entitled to significant weight because these individuals are "highly qualified" and are "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i); *see Barker v. Shalala*, 40 F.3d 789,794 (6th Cir. 1994). Thus, it was not improper for the ALJ to attribute great weight to Dr. Czarnecki's opinions, even though Dr. Czarnecki did not perform a physical evaluation.

Moreover, Dr. Rousseau's testimony does not contradict Dr. Czarnecki's testimony. Both Dr. Rousseau and Dr. Czarnecki concluded that Davis had mild to moderate difficulty understanding and following simple instructions. Tr. 277-302. Neither doctor reported that Davis had "marked" limitations that would suggest he was unable to perform competitive employment. Davis's reliance on Dr. Rousseau's "limitation" is misplaced. Dr. Rousseau's opinion that "Overall, on the basis of this exam, [Davis] appears able to gather, understand, and follow simple instructions with initial practice, assistance, and support," supports the conclusion that Davis had moderate limitations. Tr. 301. The ALJ's hypothetical question to the Vocational Expert accurately reflected both Dr. Rousseau's and Dr. Czarnecki's opinions. The Commissioner's first objection will be sustained because the ALJ's hypothetical was supported by substantial evidence.

**B**

Although Judge Binder's conclusion that the ALJ's decision was not based on substantial evidence relied both on the ALJ's hypothetical and Davis's own testimony, the Commissioner only objected to Judge Binder's conclusion regarding the propriety of the hypothetical. Despite the lack of objection, the Court will review de novo Judge Binder's conclusion that Davis's own testimony was sufficient to show that Davis suffered from a disability under the SSA. *See Rep. & Rec.* at 15 ("I further suggest that Plaintiff's own uncontradicted testimony establishes disability . . . .")

At the administrative hearing, Davis testified on his own behalf. Davis explained that he had trouble maintaining employment: "Every factory I ever tried let me go for that reason, too slow . . . ." Tr. 315-16. Davis stated that he had not earned any income since 2003, when he was laid off because he worked too slowly. Tr. 316.

In his decision, the ALJ stated that he "finds the claimant to be less than fully credible, with the allegations regarding limitations being significantly inconsistent with the record." Tr. 35. The ALJ continued:

> [T]he objective evidence of record weighs heavily against the claimant's allegations in this case, as set forth above. When considering the agency reports, as well as the claimant's daily activities of housekeeping, shopping, laundry, and meal preparation, the undersigned finds the claimant is capable of work as set forth in more detail in the remaining residual functional capacity . . . .

Tr. 36.

This Court must affirm the ALJ's conclusions absent a determination that the ALJ failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. *Walters*, 127 F.3d at 528. Accordingly, this Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*. The ALJ's

findings regarding credibility "are to be accorded great weight and deference, particularly because an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* at 531.

The ALJ concluded that Davis's testimony concerning his limitations was not credible because it conflicted with the objective evidence in the record. In making this conclusion, the ALJ considered Davis's symptoms and medical history, the opinions of Dr. Czarnecki and Dr. Rousseau, and the testimony of the vocational expert. Tr. 33-36. The ALJ determined that all this evidence contradicted Davis's own testimony. The ALJ's credibility determination is thus supported by substantial evidence in the record.

After reviewing the record, the motions for summary judgment, and the report and recommendation, the Court concludes that substantial evidence supported the ALJ's conclusion that Davis is not disabled. The Magistrate Judge's report and recommendation will therefore be rejected.

**C**

The Commissioner's second objection concerns Judge Binder's recommendation that the case be remanded to the ALJ for an award of benefits if the Court determines that Davis is entitled to benefits. Obj. 9. However, because the ALJ's decision will be affirmed, this objection is moot.

**IV**

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 37) is **REJECTED**.

It is further **ORDERED** that Defendant's objections are **SUSTAINED**. Defendant's objection that substantial evidence supported the ALJ's hypothetical question is **SUSTAINED**.

It is further **ORDERED** that Plaintiff's motion to remand pursuant to sentence four (ECF No. 33) is **DENIED**.

It is further **ORDERED** that Defendant's motion for summary judgment (ECF No. 35) is **GRANTED**.

It is further **ORDERED** that the ALJ's decision is **AFFIRMED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 9, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

- 11 -